**1544**

**CHEMICAL PRODUCTS CORPORATION,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

Court No. 84–11–01541.

United States Court of
International Trade.

Jan. 13, 1987.

Gibson, Dunn & Crutcher, Joseph H. Price and Robert M. Kruger, Washington, D.C., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice, A. David Lafer, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

Chemical Products Corporation (CPC), a domestic producer of barium chloride, challenges a final determination by the United States Department of Commerce, International Trade Administration (Commerce) that barium chloride from the People's Republic of China (PRC) is being sold in the United States at less than fair value. *Barium Chloride from the People's Republic of China* 49 Fed.Reg. 33916 (1984). CPC alleged that Commerce had improperly underestimated the constructed foreign market value of barium chloride based on costs in Thailand under 19 U.S.C. § 1677b(c)(2) (1982).

On November 6, 1986, the Court held that Commerce had not erred in making its determination by (1) calculating the value of natural gas used as an energy source at one PRC plant based on the cost of coal in Thailand; (2) using data from Brazil rather than from Thailand in determining inland freight rates; and (3) employing the minimum eight percent profit factor in calculating profit under 19 U.S.C. § 1677b(e)(1)(b)(ii) (1982 & Supp. II 1984) and 19 C.F.R. § 353.6(a)(2) (1984). The Court remanded the case, however, finding that Commerce had erred by (1) allocating factors of production between barium chloride and hydrogen sulfide gas on a quantity basis rather than on a value basis, and (2) failing to include in its estimation of constructed value the cost of calcium chloride, a factor of production used at one PRC barium chloride plant. *Chemical Products Corp. v. United States*, 650 F.Supp. 178, 10 CIT —— (1986).

On January 2, 1987, defendant, with the consent of plaintiff, filed a motion for vacatur of the remand order and for entry of final judgment sustaining the challenged determination on the ground that Commerce has completed its first administrative review of the determination pursuant to 19 U.S.C. § 1675(a) (1982), the results of

which will govern duty assessments on unliquidated entries covered by the final determination as well as the estimated duty deposit rate for future entries. In the final results of the administrative review Commerce, following the Court's decision, stated:

> In accordance with the recent decision of the Court of International Trade in *Chemical Products Corp. v. United States*, [650 F.Supp. 178] [10] CIT [——], Slip Op. 86–115 (1986), we calculated a value for the calcium chloride input on the basis of the value of calcium chloride in Thailand rather than on the basis of the transportation cost of salt brine containing calcium chloride. Also in accordance with that decision, we did not allocate a portion of the factors of production to the coproduct hydrogen sulfide gas (HSG) on the basis of quantities produced. The Court ruled that the allocation must "reflect the difference in the value of the products." However, being unable to obtain a value for HSG in Thailand, we had no basis for allocating factors between the two products. Therefore, as the best information available, we allocated no portion of the factors of production to HSG.

*Barium Chloride From the People's Republic of China; Final Results of Antidumping Duty Administrative Review*, 52 Fed.Reg. 313, 314 (Jan. 5, 1987).

Defendant's motion to vacate the order of remand is granted. Judgment will be entered accordingly. So ordered.